Wilson, Respondent, *vs.* Petty, Appellant.

1. A party sued before a justice for the value of rails converted to his own use, may, at the trial in the Circuit Court on appeal, show title to the land upon which they were cut.

*Appeal from Montgomery Circuit Court.*

This was an action begun before a justice for the value of rails alleged to have been wrongfully taken by the defendant.

At the trial in the Circuit Court on appeal, the plaintiff offered evidence tending to show that he bought the rails of a party who made them on public land, and that afterwards, the defendant, under a claim of having entered the land, forbade him to remove them. The defendant offered to read in evidence his certificates of entry, but they were excluded, and he excepted. The record does not show whether the entries bore date before or after the rails were cut. The court gave the following in-

struction, under which there was a verdict for the plaintiff : " The plaintiff is entitled to recover from the defendant damages for any rails taken from the actual possession of plaintiff by him, or from any land in the actual possession of the plaintiff at the time, and for no others."

*Jones,* for appellant. 1. One trespasser on public land, not an actual settler, cannot maintain an action against another. (6 Mo. Rep. 583.) 2. The court below erred in excluding defendant's evidence of title.

*G. Porter,* for respondent. 1. As the cause originated before a justice, and the same cause of action had to be tried in the Circuit Court on appeal, the title could not come in question. (R. C. 1845, tit. Justices' Courts, art. 1, § 4, art. 3, § 18, and art. 8, § 18.) 2. If the rails were cut on public land, defendant acquired no title to them by the entry. (*James & Massey* v. *Snelson,* 3 Mo. Rep. *Keeton* v. *Audsley,* 19 Mo. Rep.)

SCOTT, Judge, delivered the opinion of the court.

We cannot see from the record on what ground the decision of this case was made to turn in the court below. It is usual, when a point of law is involved, if none of the instructions asked by the parties express it correctly, for the court to declare the law of the case. This was not done here, and we are at a loss to ascertain on what point the case turned in the Circuit Court. There is no evidence preserved in the record which warrants the instruction that was given for the plaintiff, the respondent here, on which, we suppose, he obtained a verdict. We do not see the ground on which the certificates of entry offered by the appellant in evidence were rejected. Surely, it could not have been on the ground that the 4th section of the 1st article of the act establishing justices' courts, denies jurisdiction of any actions where the title to any lands or tenements shall come in question. The 18th section of the 3d art. of the same act, shows in what cases that provision was intended

to be applied, and this is clearly not one of them ; and if it were, the court has not proceeded in conformity to the requirements of the statute.

Without saying any thing in derogation of the rule laid down in the case of *Turley* v. *Tucker*, (6 Mo. Rep. 583,) we may express this opinion, that the case of *Keeton* v. *Audsley*, (19 Mo. Rep.) does not overturn it.

Judge Ryland concurring, the judgment will be reversed, and the cause remanded ; Judge Leonard not sitting.